UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:21-CR-98 |
| Plaintiff, | |
| v. | Judge Walter H. Rice |
| **JOSHUA L. HENDERSON,** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| Defendant. | |

Defendant Joshua L. Henderson was apprehended with a loaded handgun on his person while in a vehicle. The Government respectfully submits that, for his crime of being a felon in possession of a firearm, Mr. Henderson should receive a sentence not to exceed 30 months, the low-end of the Guidelines.

## BACKGROUND

In June 2021, law enforcement observed Mr. Henderson drive into a gas station to meet an individual who had been sitting at a gas pump for several minutes without pumping gas or going into the store. The unidentified man at the pump removed a concealed item from his vehicle and placed it into the passenger seat of Mr. Henderson's vehicle. Both men then left in their vehicles.

Law enforcement initiated a traffic stop on Mr. Henderson's vehicle after he made an illegal left turn. Mr. Henderson briefly attempted to flee, and a tire deflation device was deployed. Mr. Henderson then complied with law enforcement and immediately advised the officers that he had a handgun on his person.

The firearm was seized, and, after being read his *Miranda* rights, Mr. Henderson was forthright and admitted to possessing the firearm, that he has a felony conviction, and that he knew he is prohibited from possessing firearms.

1

Mr. Henderson entered his guilty plea to the charge pursuant to a plea agreement under Rules 11(c)(1)(A) and (c)(1)(C). As part of the agreement, the parties agreed that a sentence of no more than 30 months in prison is the appropriate disposition in this case.

On November 8, 2021, U.S. Probation issued the final presentence investigation report ("PSR"). The final PSR calculates Defendant's Sentencing Guidelines range as 30 to 37 months, based on a total offense level of 17 and a criminal history category of III. U.S. Probation recommends a sentence of 30 months imprisonment.

## ARGUMENT

The Government respectfully submits that the Court accept the plea agreement and sentence Defendant to a term of imprisonment not to exceed 30 months. As detailed below, such a sentence is warranted based on the 18 U.S.C. § 3553(a) sentencing factors.

*Nature, Circumstances, & Seriousness of Offense*. Mr. Henderson's offense is serious—despite being a felon, he possessed a loaded handgun. Adding to the seriousness of his conduct, he was on federal supervision at the time he possessed the handgun. Mr. Henderson briefly attempted to flee but was quickly stopped and complied with law enforcement. Additionally, there is no evidence in this case that the firearm was used in combination with any other crime, or that he did anything other than simply possess the firearm.

*Defendant's History and Characteristics*. Mr. Henderson does not have a particularly lengthy criminal record, although he does have a prior federal conviction for trafficking a relatively small amount of narcotics. He did not grow up with a strong family structure, which may have increased his probability of turning to crime. His mother was addicted to drugs and was absent for most of his life. His father was sentenced to 5 years imprisonment for a federal marijuana trafficking conspiracy charge when Mr. Henderson was only 14 years old.

***Deterrence, Recidivism, and Protecting the Public***.  There is a need to deter felons from possessing firearms.  Even though Mr. Henderson has not been any harm to victims in either of his federal cases, the simple possession of a firearm can cause or result in dangerous action.  A custodial sentence would mitigate those risks and give Mr. Henderson the opportunity to dwell on his actions and hopefully deter him from similar conduct that got him in this situation.  In his prior drug case, an additional firearm charge was dismissed.  This case is simple firearm possession.  So, that is somewhat of an improvement.  It is true that he has repeated his criminal behavior, this time on supervised release, but that does not mean he cannot improve with some vocational and educational training while in prison and once he is released.  With his children growing older, and with Mr. Henderson himself growing older and hopefully wanting to be there for them, it is very possible that he could come out of prison a changed and better man.

***Guidelines & Avoidance of Unwarranted Sentencing Disparities.***  Imposing a sentence of 30 months, which is inside the Defendant's Sentencing Guidelines range, would advance the overarching goal of uniformity among sentences imposed on similarly situated defendants.

## **CONCLUSION**

The Government respectfully requests that this Court accept the parties' plea agreement an impose a sentence not to exceed 30 months imprisonment.  As to the pending supervised release violation, the Government does not offer any requests, opinions, or recommendations in this sentencing memorandum.

    Respectfully submitted,

    VIPAL PATEL
    Acting United States Attorney

    /s/ DeMarr Moulton
    DEMARR MOULTON (NY 5724869)
    Assistant United States Attorney
    Attorney for Plaintiff
    200 West Second Street, Suite 600
    Dayton, Ohio 45402
    (937) 225-2910
    demarr.moulton@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the above Sentencing Memorandum was electronically filed on this 17th day of November, using the Court's CM/ECF system, which will send notification of filing to all counsel of record.

s/ DeMarr Moulton
DEMARR MOULTON (NY 5724869)
Assistant United States Attorney
